IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 2:07-cr-00266 FCD DAD |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| HARRISON U. JACK, et al., | ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on the government's motion to have this action declared to be complex within the meaning of the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(8)(B)(ii), and to exclude time until the next scheduled court appearance on July 12, 2007. The Speedy Trial Act provides, in relevant part, that time shall be excluded in computing the time within which the trial of an offense must commence where the court finds that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h)(8)(A). In determining whether to grant such a continuance

the court may consider, *inter alia*,

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel issues of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

31 U.S.C. § 3161(h)(8)(B)(ii); see <u>United States v. Butz</u>, 982 F.2d 1378, 1381 (9th Cir. 1993) (upholding the district court's exclusion of time in a case charging seven defendants with conspiracy based upon the complexity of the case which indicated that counsel would need extra time to conduct discovery, file pretrial motions, and prepare defenses to the charges); <u>United States v. Murray</u>, 771 F.2d 1324, 1328 (9th Cir. 1985) (upholding the district court's exclusion of time because of the complexity of the case, the ongoing nature of the investigation, and the potential multiplicity of defendants); see also <u>United States v. Murillo</u>, 288 F.3d 1126, 1134 (9th Cir. 2002) (upholding the district court's exclusion of time because it found that the best interests of all parties and the public were served by enabling the Department of Justice a reasonable time within which to exercise its discretion as to whether to seek the death penalty).

This case involves eleven defendants charged in a five count indictment. The nature of the charges are very unusual and complex, i.e., conspiracy to violate the Neutrality Act, conspiracy to kill, kidnap, maim and injure persons in a foreign country, conspiracy to export listed defense items without the required State Department license, and related offenses.

The United States represents that the investigation into this matter is extensive and ongoing. The United States asserts

that there are electronic intercepts on three phones in this case.  The authorizations for interception were extended twice on two of the phones, for a total of over 60 days of interceptions on these two phones.  The interception of calls on the third phone took place over a period of fewer than 30 days, but some of the telephone calls on the third line are in Hmong and are not interpreted completely yet.  There are dozens of intercepted telephone calls on the three lines.  Moreover, there were over a half dozen undercover meetings involving anywhere from two persons to 12 or more persons.  One of those meetings went on for almost two hours.  There were also search warrants served at approximately 19 locations.

The United States also represents that the discovery in this case is voluminous.  There are hundreds of exhibits and thousands of pages of discovery to be produced.  The government asserts that the first 2,248 pages of discovery were provided on June 25, 2007, after the initial status conference in this matter before the court.  The United States represents that this first disclosure of discovery does not include any of the documents seized by the 19 search warrants, nor any of the transcripts of intercepted calls or undercover meetings.

Based upon the record in this case, including the written submission of the United States, the court finds that this case is complex within the meaning of the Speedy Trial Act.  There are multiple defendants charged with unusual and complex crimes.  See Butz, 982 F.2d at 1381; Murray, 771 F.2d at 1328.  There are also a number of electronic intercept authorizations and continuation orders, intercepted calls and undercover meetings, and search

warrants.  See id.  It also appears that discovery in this case will be voluminous.  See id.  Moreover, many of the defendants do not speak English and all but one of the defense counsel do not speak Hmong.  Finally, at the initial scheduling conference, defendants have already requested a hearing before the court, in which they indicated an intent to call witnesses, regarding whether defendants pose a danger to the community for purposes of bail.  Such a request is highly unusual, but demonstrates the unique issues raised by the circumstances of this case.

Therefore, for the foregoing reasons, the court finds that the ends of justice warrant an exclusion of time under the Speedy Trial Act, and that the needs of counsel to prepare exceed the public's interest in a trial within 70 days.  As such, IT IS ORDERED that this case is COMPLEX within the meaning of the Speedy Trial Act and that the time between June 26, 2007 and the next scheduled court appearance on July 12, 2007 be excluded from the calculation of time under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii) [Local Code T2].

Dated: June 26, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE