IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARRISON ULRICH JACK, GENERAL VANG PAO, LO CHA THAO, LO THAO, YOUA TRUE VANG, HUE VANG, CHONG YANG THAO, SENG VUE, CHUE LO, NHIA KAO VANG, and DANG VANG,<br><br>　　　　Defendants.<br>_____/ | No.　CR.S-07-0266 FCD<br><br>ORDER RE DEFENDANTS'<br>MOTION FOR PRESERVATION<br>OF GOVERNMENT NOTES |

　　　　On December 16, 2008, this matter came before the undersigned for hearing on defendants' motion for an order requiring preservation of all investigative notes taken or made in connection with this investigation. (Doc. No. 327.) Assistant United States Attorneys Bob Twiss, Ellen Endrizzi, Jill Thomas and Robert Tice-Raskin appeared on behalf of the United States. Federal Defender Daniel Broderick and Assistant Federal Defender Ben Galloway appeared on behalf of defendant Harrison Jack; attorneys John Balazs and Galia

1

Phillips appeared on behalf of defendant General Vang Pao; attorney Mark Reichel appeared on behalf of defendant Lo Cha Thao; attorney William Portanova appeared on behalf of defendant Lo Thao; attorneys Jim Brosnahan, Raj Chatterjee and Nate Torres appeared on behalf of defendant Youa True Vang; attorney Krista Hart appeared on behalf of defendant Hue Vang; attorney Dina Santos appeared on behalf of defendant Chong Yang Thao; attorney Michael Bigelow appeared on behalf of defendant Seng Vue; attorney Shari Rusk appeared on behalf of defendant Chue Lo; attorney Dan Brace appeared on behalf of defendant Nhia Kao Vang; and attorney Hayes Gable appeared on behalf of defendant Dang Vang.

Assistant Federal Defender Ben Galloway argued this motion on behalf of all defendants and Assistant United States Attorney Jill Thomas argued for the government. For the reasons set forth below, the motion is granted in part and denied in part.

**ANALYSIS**

Defendants seek an order directing all law enforcement agents involved in any aspect of the investigation which is the subject matter of this case, to preserve all notes made during the investigation. In referring to the "notes" that they seek preserved, defendants include all rough notes, emails, correspondence, reports, memoranda, charts, synopses, accounting summaries, written instruction and other documents not only that were made as part of any witness interview but also those concerning the activities of the ATF Special Agent whose name was redacted from the affidavit in support of the criminal complaint filed in this action.

The defendants seek preservation of these materials so that if future disputes arise, the court can determine for itself whether disclosure of information to the defense is required under Brady, the Jencks Act or Federal Rule of Criminal Procedure 36.2. They contend that the request imposes no undue burden upon the government. Defense counsel has expressed particular concern regarding the preservation of notes, emails, written instruction and the like that may contain Brady material supportive of an entrapment defense but does not fall within the government's narrow view of its obligation to preserve only rough notes of interviews of witnesses or the defendants.

The government responds that it is aware of both its obligations under Brady and its duty to preserve the existing rough notes of investigating officers made during interviews with prospective witnesses or the accused and will comply with those obligations.[1] See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976). However, the government argues that it is not required to maintain all rough notes of any kind made during the course of an investigation. The government therefore opposes defendants' request as vague and overbroad.

As noted above, defendants request an order restraining all law enforcement personnel involved in the investigation of this case from destroying any notes or other records relating to the investigation or indictment. The order seeks the preservation not only of any records relating to witness interviews but also to any

---

[1] The government reserves the right to object to the admission into evidence of such notes at any hearing or trial.

3

material that might be found to be Brady material and especially Brady material that may support an entrapment defense. First, with respect to rough notes or other materials reflecting witness interviews, the government reported at the hearing that all agents involved in the investigation have been instructed to preserve such notes. Accordingly, the defendants' motion will be granted in that respect.[2]

To the extent defendants' motion seeks an order that government agents preserve notes and other materials constituting Brady material the motion will be granted as well. The government is under a continuing duty to both preserve and disclose clearly exculpatory evidence. Bullock v. Carver, 297 F.3d 1036, 1056 (10th Cir. 2002)(citing California v. Trombetta, 467 U.S. 479, 489 (1984)).[3] Accordingly, the government will be directed to preserve all notes or other records described by defendants containing discoverable

---

[2] The motion before the court seeks only an order preserving notes and other records. Of course, an agent's rough notes from a witness interview are discoverable under the Jencks Act only to the extent they contain "statements" of government witnesses. United States v. Henke, 222 F.3d 633, 643 (9th Cir. 2000) (citing United States v. Boshell, 952 F.2d 1101, 1104-05 (9th Cir. 1991)); see also United States v. Alvarez, 86 F.3d 901, 906 (9th Cir. 1996) (citing United States v. Bernard, 623 F.2d 551, 557-58 (9th Cir. 1979)). Any rough notes reflecting a statement of government witnesses as defined by 18 U.S.C. § 3500(e), even that which may qualify as Brady impeachment material, is to be produced at the time Jencks Act material is turned over by the government. See United States v. Alvarez, 358 F.3d 1194, 1207 n.7 and 1211 (9th Cir.), cert. denied, 543 U.S. 887 (2004).

[3] However, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful [as opposed to exculpatory] evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). See also Illinois v. Fisher, 549 U.S. 544, 547 (2004).

4

| | |
|---|---|
| 1 | material, including material exculpatory evidence, pending the |
| 2 | conclusion of this case. <u>See</u> <u>United States v. Spencer</u>, 618 F.2d 605, |
| 3 | 606-07 (9th Cir. 1980) (requiring the government to preserve only |
| 4 | discoverable notes). |

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the defendants' motion for an order requiring preservation of investigative notes or records made in connection with this investigation (Doc. No. 327) is granted in part.

DATED: February 20, 2009.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
jack.0266.roughnotes