IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARRISON ULRICH JACK, GENERAL VANG PAO, LO CHA THAO, LO THAO, YOUA TRUE VANG, HUE VANG, CHONG YANG THAO, SENG VUE, CHUE LO, NHIA KAO VANG, and DANG VANG,<br><br>　　　　Defendants.<br>_____/ | No.　CR.S-07-0266 FCD<br><br>ORDER RE DEFENDANTS'<br>HENTHORN MOTION |

On December 16, 2008, this matter came before the undersigned for hearing on defendants' so-called "Henthorn motion" for disclosure of exculpatory and impeaching materials in the personnel files of government agents. (Doc. No. 326.) Assistant United States Attorneys Bob Twiss, Ellen Endrizzi, Jill Thomas and Robert Tice-Raskin appeared on behalf of the United States. Federal Defender Daniel Broderick and Assistant Federal Defender Ben Galloway appeared on behalf of defendant Harrison Jack; attorneys John Balazs and Galia

1

Phillips appeared on behalf of defendant General Vang Pao; attorney Mark Reichel appeared on behalf of defendant Lo Cha Thao; attorney William Portanova appeared on behalf of defendant Lo Thao; attorneys Jim Brosnahan, Raj Chatterjee and Nate Torres appeared on behalf of defendant Youa True Vang; attorney Krista Hart appeared on behalf of defendant Hue Vang; attorney Dina Santos appeared on behalf of defendant Chong Yang Thao; attorney Michael Bigelow appeared on behalf of defendant Seng Vue; attorney Shari Rusk appeared on behalf of defendant Chue Lo; attorney Dan Brace appeared on behalf of defendant Nhia Kao Vang; and attorney Hayes Gable appeared on behalf of defendant Dang Vang.

Attorney John Balazs argued this motion on behalf of all defendants and Assistant United States Attorney Jill Thomas argued for the government. For the reasons set forth below, the motion is granted in part and denied in part.

**ANALYSIS**

By this motion, defendants seek an order compelling the government to provide them with all exculpatory and impeaching material contained in the personnel files of all investigators, law enforcement officers, including all local, state and federal officers, and agents whom the government intends to call to testify at trial and/or any evidentiary hearing in this case. Although the defendants rely primarily upon the decision in United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), they also argue that where, as here, local law enforcement personnel were part of a joint investigation the government should be required to provide to the defense exculpatory or

impeaching evidence contained in the personnel files of the local law enforcement officers it intends to call as witnesses.  The defense also contends that all allegations against a law enforcement officer that may have impeachment value must be disclosed, not just those allegations deemed credible by the government.  Finally, the defense argues that all such material should be produced at least four weeks prior to trial and two weeks prior to any evidentiary hearing.

The government responds that it is aware of its obligation, under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), to examine the personnel files of testifying federal law enforcement officers for exculpatory and impeaching materials.  The government states that it will not disclose allegations that are determined by the government to be unsubstantiated, not credible or with respect to which the law enforcement officer has been exonerated because such material would be of no impeachment value to the defense.[1]  The government reports that it intends to provide the defendants with the Henthorn material to which they are entitled two weeks prior to trial. However, the government opposes the defense motion to the extent it seeks an order requiring federal prosecutors to review the personnel files of local law enforcement officers who may be called to testify, arguing that it is not obligated under the law to do so.

The government's position on this latter point is supported by the law of this circuit. As one district court has summarized:
/////

---

[1] The government also objects to the defendants' motion to the extent it attempts to outline the precise scope of the review of law enforcement personnel files that must be carried out.

3

> The government has a duty, after a request by the defense, to inspect for Brady material the personnel records of federal law enforcement officers who will testify at trial, regardless of whether the defense has made a showing of materiality. United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991). The court does not have the authority to require the prosecutor to personally review the files, however. United States v. Jennings, 960 F.2d 1488, 1491 (9th Cir. 1992). Henthorn requirements are met when the staff of the appropriate agency examines the file and notifies the federal prosecutor of potential Brady material, after which the federal prosecutor determines whether the material should be produced to the defense or provided to the court for an in camera review. Id. at 1492. The prosecution has no obligation to turn over materials not under its control, including personnel files of state law enforcement witnesses. United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992).

United States v. Colima-Monge, 962 F. Supp. 1337, 1339 (D. Or. 1997). The government's duty in this regard has been found not to extend beyond the category of records strictly defined by the court in Henthorn. United States v. Santiago, 46 F.3d 885, 895 (9th Cir. 1995); United States v. Dominguez-Villa, 954 F.2d 562, 565 (9th Cir. 1992). With respect to the district court's interference in the practices of the executive branch in complying with Henthorn, absent a showing of necessity, Jennings remains the law of this circuit. United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

However, without regard to the decisions in Herring, Jennings and Henthorn, under Brady the government is obligated, upon request, to disclose information to the defense regarding government witnesses that could be used to impeach them. See United States v. Bagley, 473 U.S. 667, 675-77 (1985). Under these principles, the

4

government's obligation to review personnel files includes those of all federal law enforcement officers who are called to testify at trial or in connection with any pretrial motion. The scope of information disclosed shall include all information favorable to the defense in attempting to impeach the witness, including either disclosure or <u>in camera</u> submission of documents reflecting any complaint, investigation or internal administrative or disciplinary proceeding regardless of whether the complaint or allegation was found to be credible by the agency. See <u>United States v. Kiszewski</u>, 877 F.2d 210, 215-16 (2d Cir. 1989) (case remanded due to district court's refusal to compel production of FBI agent's personnel file for <u>in camera</u> inspection based upon the government's representation that the file contained complaints and allegations that were deemed unfounded or upon which the agent was exonerated and thus contained no <u>Brady</u> material).

        The government is required to produce impeaching information sufficiently in advance of a proceeding so as to permit defense counsel to effectively use the material. Accordingly, the government shall produced to the defense the discovery sought by this motion with respect to witnesses to be called to testify at any evidentiary hearings at least two weeks prior to the hearing in question and with respect to witnesses to be called to testify at trial at least two weeks prior to the final trial confirmation hearing.

        To the extent the defense wishes to seek exculpatory or impeachment materials from the personnel files of local law

enforcement officers in some way involved in this investigation, it is suggested, as it was at the hearing on this motion, that counsel proceed by way of subpoena if necessary. See United States v. Vought, 69 F.3d 1498, 1501 (9th Cir. 1995) ("The district court suggested that [materials in the possession of state law enforcement] might be discoverable in part under Fed. R. Crim. P. 17(c)."). On the other hand, the United States Attorney's Office is very much encouraged to facilitate the production of such records by local officials in connection with witnesses who will be testifying on behalf of the government at evidentiary hearings or trial.[2]

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the defendants' motion for disclosure of exculpatory and impeaching materials in the personnel files of government agents (Doc. No. 326) is granted in part and denied in part.

DATED: February 20, 2009.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
jack0266.henthorn

---

[2] As indicated by the court at the hearing, such cooperation in facilitating the production of Henthorn type materials from local law enforcement files has often proven to be successful in criminal cases before this court.

6