IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARRISON ULRICH JACK, GENERAL VANG PAO, LO CHA THAO, LO THAO, YOUA TRUE VANG, HUE VANG, CHONG YANG THAO, SENG VUE, CHUE LO, NHIA KAO VANG, and DANG VANG,<br><br>　　　　Defendants.<br>_____/ | No.　CR.S-07-0266 FCD<br><br>ORDER RE DEFENDANTS'<br>MOTION FOR DISCLOSURE OF<br><u>MINISTERIAL GRAND JURY RECORDS</u> |

　　　　On December 16, 2008, this matter came before the undersigned for hearing on defendants' motion for disclosure of ministerial grand jury records. (Doc. No. 328.) Assistant United States Attorneys Bob Twiss, Ellen Endrizzi, Jill Thomas and Robert Tice-Raskin appeared on behalf of the United States. Federal Defender Daniel Broderick and Assistant Federal Defender Ben Galloway appeared on behalf of defendant Harrison Jack; attorneys John Balazs and Galia Phillips appeared on behalf of defendant General Vang Pao; attorney

1

Mark Reichel appeared on behalf of defendant Lo Cha Thao; attorney William Portanova appeared on behalf of defendant Lo Thao; attorneys Jim Brosnahan, Raj Chatterjee and Nate Torres appeared on behalf of defendant Youa True Vang; attorney Krista Hart appeared on behalf of defendant Hue Vang; attorney Dina Santos appeared on behalf of defendant Chong Yang Thao; attorney Michael Bigelow appeared on behalf of defendant Seng Vue; attorney Shari Rusk appeared on behalf of defendant Chue Lo; attorney Dan Brace appeared on behalf of defendant Nhia Kao Vang; and attorney Hayes Gable appeared on behalf of defendant Dang Vang.

Federal Defender Daniel Broderick argued this motion on behalf of all defendants and Assistant United States Attorney Ellen Endrizzi argued for the government. For the reasons set forth below, the motion is granted in part and denied in part.

**ANALYSIS**

By this motion, defendants seek disclosure of seven categories of documents characterized as "ministerial records" of the grand jury that returned the indictment in this case.

Specifically, defendants seek an order from the court requiring production of the following:

1. Any order reflecting the beginning or extension of the term of any grand juries investigating any of the named defendants, including but not limited to the grand jury which returned the indictment herein;

2. The number of names on the master venire for the grand jury as well as the number of Hispanic and Asian surnames in that venire;

2

3.   Records setting forth the method by
                   which the grand jury was empaneled;

              4.   A transcript of the Court's instructions
                   and charges to the grand jury;

              5.   Voting records related to any decision
                   to extend the life of the grand jury;

              6.   All records of disclosure of names of
                   persons receiving information about
                   matters occurring before the grand jury,
                   as defined in Federal Rule of Criminal
                   Procedure § 6(e); and

              7.   A list of all persons to whom grand jury
                   materials were disclosed, the dates of
                   such disclosure, letters or warnings
                   given to any person regarding
                   disclosure, and any petitions for
                   disclosure or notifications of
                   disclosure given to the court concerning
                   such disclosure.

(Defs.' Notice of Mot. at 1-2.)

In support of this request for disclosure, defendants have relied in large part on the authority of <u>In re Special Grand Jury (for Anchorage, Alaska)</u>, 674 F.2d 778 (9th Cir. 1992). In opposition, the government has taken the position that the requested records are not discoverable under Rule 16 of the Federal Rules of Criminal Procedure and are, in any event, protected from disclosure absent the moving party's ability to demonstrate with particularity the existence of a compelling need sufficient to outweigh the policy of grand jury secrecy. (<u>See</u> Gov't. Opp. at 6-11).[1] Nonetheless, the government has

---

[1] The government also suggested that this motion is more appropriately heard by the general duty district judge appointed to oversee the selection and operation of the grand jury in this district. As indicated at the hearing on this motion, based upon the court's previous inquiry the undersigned concludes that the motion is properly resolved by this court as a discovery motion.

3

stated that it has no opposition to the granting of defendants' requests one, three and four.

Below, the court will address the merits of defendants' motion and rule on each of their requests for disclosure.

**The Right of Access to Ministerial Records and its Application**[2]

As other courts have recognized, there is a "paucity of judicial authority in this area." In re Grand Jury Investigation, 903 F.2d 180, 184 (3d Cir. 1990); see also In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 780 ("The parties have not cited any case addressing the availability of such a right in the area of grand jury ministerial records, nor has our research disclosed any."); In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451, 1469 (D. Colo. 1992).

Nonetheless, disclosure of certain categories of the requested records is justified under the holding of the court in In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778 (9th Cir. 1992). In that case, appellants, who had been the subject of a grand jury investigation for approximately two years, moved the district court for access to certain "ministerial records" for the grand jury conducting the investigation. 674 F.2d at 779. The district court denied the motion. Id. The Ninth Circuit Court of Appeals reversed and remanded to the district court for a determination of the scope of the right of access to public records as it applied in the context of

---

[2] The undersigned has had occasion to address similar discovery motions. See United States v. Fuentes, CR. S-07-0248 WBS, 2008 U.S. Dist. LEXIS 50425 (E.D. Cal. June 24, 2008); United States v. Greer, CR. S-03-0042 FCD (E.D. Cal. Nov. 19, 2004); United States v. Lam, CR. S-97-054 WBS (E.D. Cal. Jan 20, 1998).

4

the ministerial records of the grand jury. 674 F.2d at 784. In this regard the court observed:

> [W]e perceive no reason, nor has the government offered any, why the public should not have access to the kind of records sought here. The importance of public access to judicial records and documents cannot be belittled. We therefore hold that, as members of the public, the appellants have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for refusal, such access should not be denied.

674 F.2d at 781.

The opinion in In Re Special Grand Jury (for Anchorage, Alaska) left for the district court the determination of which grand jury records should be open to the public. Thus, the court did not rule on any of the specific requests for disclosure made in that case, many of which are adopted in defendants' request here. See 674 F.2d at 779 n.1. Indeed, in even using the term "ministerial records" in referring to the requested documents, the court emphasized that such usage did not express a judgment as to which records were disclosable. Id. While basing its holding upon a recognition of the public's general right of access to court records and documents (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)), the court also found that such a right was tempered by the long-standing policies underlying the rule of grand jury secrecy. Id. at 781. The court declined to "attempt . . . any detailed characterization of the scope of the public access right as it applies in this context," deferring instead to the district court "to work out the details of

the access doctrine in an appropriate way." Id. at 784. In this way, "[t]he Ninth Circuit thus set forth an instructive standard, which permits disclosure of ministerial grand jury records that do not reveal the substance or essence of the grand jury's investigation or deliberations." United States v. Diaz, 236 F.R.D. 470, 476 (N.D. Cal. 2006).

With this guidance, this court begins by recognizing that Federal Rule of Criminal Procedure 6(e) codifies the long standing policy of secrecy surrounding federal grand jury proceedings. Specifically, Rule 6(e)(2) prohibits disclosure of "matters occurring before the grand jury." See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 781 (9th Cir. 1992); In re Grand Jury Investigation, 903 F.2d 180, 181-182 (3d Cir. 1980); see also In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451, 1469 (D. Colo. 1992). The courts which have addressed this issue suggest that protection from public disclosure extends to both records reflecting matters occurring before the grand jury, and records documenting non-substantive incidents of grand jury proceedings (such as names of grand jurors) which would inhibit the freedom and integrity of the deliberative process. See, e.g., In re Grand Jury Investigation, 903 F.2d at 182 (cautioning against an overly strict construction of Rule 6(e)); In re Special Grand Jury (for Anchorage, Alaska, 674 F.2d at 781-782 (concluding that grand jury secrecy doctrine extends beyond the scope of Rule 6(e)). Keeping this standard in mind, the court turns to the defendants' specific requests for disclosure.

**Defendants' Specific Requests for Disclosure**

**Request 1 - Orders reflecting the beginning term and extension of the terms of any grand jury investigating the defendants.**

These are ministerial grand jury records which are properly subject to disclosure. See In re Grand Jury Investigation, 903 F.2d at 183-184, & n.7 (holding that termination date of grand jury term subject to disclosure, and describing an informal survey indicating that such information is a matter of public record in the vast majority of United States District Courts, including the Eastern District of California); United States v. Diaz, 236 F.R.D. 470, 478-79 (N.D. Cal. 2006) (granting this same request); In re Grand Jury Proceedings, 813 F. Supp. at 1470 (ordering disclosure of orders authorizing the extension of the grand jury). Moreover, the government does not oppose this request.

Accordingly, the request will be granted. The government is directed to produce any such orders that may be discovered in its possession.[3] In addition, the Clerk of the Court is directed to make copies of any such orders in the court's records available to counsel

---

[3] The government indicated in its opposition and at the hearing that it believed many of the defense attorneys in this case were also counsel in Fuentes which involved the same grand jury that returned this indictment. Accordingly, the government noted that defense counsel already had been provided many of the documents relating to the 2007 grand jury sought by this motion. At the conclusion of the hearing defense counsel indicated that they would attempt to confirm that information and would notify the court if no further production was necessary in light of documents already in their possession. It does not appear from the docket that defense counsel have so informed the court. Accordingly, to the extent this motion is granted the court is ordering production. However, if defense counsel confirms that they already possess the material that is ordered produced herein, no repeat production is required.

for defendants. To the extent necessary to comply with this order the undersigned also orders that any such orders currently filed under seal be unsealed.

**Request 2 - The number of names on the master venire for the grand jury as well as the number of Hispanics and Asian surnames in that venire.**

The government opposes this request on the grounds that the information sought involve "matters occurring before the grand jury" and is protected by both Rule 6(e) and general principles of grand jury secrecy. In addition, the government contends that the request for the number of Hispanic and Asian surnames will not give the defense accurate information regarding the composition of the master venire due to the inherent vagueness in the terms and the fact that a surname is not always reflective of one's ethnicity. Finally, the government argues that requiring the Clerk of the Court to produce such information would violate 28 U.S.C. § 1867(f) limiting disclosure of records used by the jury commission in connection with the jury selection process. The court finds the government's arguments unpersuasive.

It is important to recognize the limited nature of the defendants' request. They seek only the number of names on the master wheel venire for the grand jury in question as well as the number of Hispanic and Asian surnames that appear in that master wheel venire. That limited request in no way seeks disclosure of matters occurring before the grand jury and therefore is not protected by Rule 6(e). Moreover, the disclosure of that information could not possibly impinge upon the freedom and integrity of the grand jury's

deliberative process.  Finally, not only does 28 U.S.C. § 1867 fail to prevent disclosure of the requested information, it provides for inspection of such records relating to the selection of grand jurors by defendants contemplating the making of a motion to dismiss on the ground of failure to comply with the fair cross section requirement. See United States v. Kaczynski, CR. S-96-0259 GEB GGH (E.D. Cal.), Order of Nov. 29, 1997 at 5-7 (granting disclosure).

Accordingly, this request will be granted with the same directive as issued with respect to request 1, including that with respect to duplicative production of material confirmed to be in the possession of defense counsel. See United States v. Fuentes, CR. S-07-0248 WBS, 2008 U.S. Dist. LEXIS 50425 (E.D. Cal. June 24, 2008) (directing the Clerk of the Court to provide defense counsel the number of names on the master wheel venire for the grand jury in question as well as the number of Hispanic and Asian surnames in that venire); United States v. Greer, CR. S-03-0042 FCD (E.D. Cal. Nov. 19, 2004) (same); United States v. Lam, CR. S-97-054 WBS (E.D. Cal. Jan 20, 1998)(same).

**Request 3 - Records setting forth the method of empaneling the grand jury.**

This request seeks ministerial records of the grand jury that are subject to disclosure. See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 779; Diaz, 236 F.R.D. at 478.  The government has no opposition to disclosure.  Accordingly, this request will be granted with the same directive as issued with respect to request 1.

**Request 4 - A transcript of the court's instructions and charges to the grand jury.**

The defendants are entitled to the transcript of the instructions and charges to the grand jury. See United States v. Alter, 482 F.2d 1016, 1029, n.21 (9th Cir. 1973); see also United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002) (addressing challenge to a grand jury charge), cert. denied, 538 U.S. 934 (2003); Diaz, 236 F.R.D. at 477-78 (granting same request). The government does not oppose the production of this material.

Accordingly, this request will be granted with the same directive as issued with respect to request 1.

**Request 5 - Voting records related to any decision to extend the life of the grand jury.**

These requested records are nonministerial in nature and disclosure of such voting records would encroach upon grand jury secrecy. See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 780. This is particularly the case since the term "matters occurring before the grand jury" is to be interpreted broadly in determining the scope of grand jury secrecy. In re Grand Jury Investigation, 903 F.2d at 182. Accordingly, this request will be denied. In re Grand Jury Proceedings, 813 F. Supp. at 1470 (denying similar request); Diaz, 236 F.R.D. at 479 (same).

**Requests 6 & 7 - Disclosure of names of persons receiving information about matters occurring before the grand jury and other records related to such disclosures.**

Through these requests defense counsel seek disclosure of documentation that the government is required to provide to the court

upon disclosure of information under Federal Rule of Criminal Procedure 6(e)(3)(A)(ii). See Fed. R. Crim. P. 6(e)(3)(B). Although two district courts have concluded without analysis that such records are nonministerial in nature (In re Grand Jury Proceedings, 813 F. Supp. at 1470 and Diaz, 236 F.R.D. at 480), the Ninth Circuit has placed them in the category of ministerial records "to reflect the fact that they generally relate to the procedural aspects of the empaneling and operation" of the grand jury. In re Grand Jury (for Anchorage, Alaska), 674 F.2d at 779, n.1.

Accordingly, in keeping with the Ninth Circuit's characterization of such records, the undersigned will order that the government produce such records for in camera review so that the court may determine which grand jury disclosure records are ministerial in nature and which, if any, would disclose matters occurring before the grand jury and therefore should remain secret. Along with the in camera submission the government should provide the court with its specific position with respect to disclosure for each document as well as the basis for that position.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' motion for disclosure of ministerial grand jury records (Doc. No. 328) is granted in part and denied in part as follows:

1. Defendants' requests for disclosure 1, 2, 3, and 4 are granted with the directions as indicated above. With respect to these requests, the government shall produce any records in its possession within fourteen days of the date of this order with a continuing

obligation to produce such records if they are later discovered and the Clerk of the Court is directed to provide copies of any such records held by the court to defendants' counsel;

    2. Defendants' request for disclosure 5 is denied; and

    3. Defendants' requests 6 and 7 are granted in part and the government is ordered to file its submission and documents for <u>in camera</u> review within fourteen days of the date of this order.

DATED: February 20, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
jack0266.grandjury