IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRISON ULRICH JACK, LO CHA THAO, LO THAO, YOUA TRUE VANG, HUE VANG, CHONG YANG THAO, SENG VUE, CHUE LO, NHIA KAO VANG, DANG VANG, JERRY YANG, and THOMAS YANG,<br><br>    Defendants.<br>_____/ | No.  CR.S-07-0266 FCD<br><br>ORDER RE DEFENDANTS' REQUEST FOR RECONSIDERATION AND <u>CLARIFICATION OF DISCOVERY ORDER</u> |

INTRODUCTION

On December 16, 2008, this matter came before the undersigned for hearing on defendants' motion for an order compelling the government to produce documents and information pursuant to Rule 16 of the Federal Rules of Criminal Procedure and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  (Doc. No. 329.)  On May 9, 2009, the undersigned issued a detailed order granting the defendants' motion in part and denying it in part.  (Doc. No. 422) (hereinafter "Order").

1

Defendants have filed a request for reconsideration and clarification of certain aspects of the court's discovery order. (Doc. No. 430.) The government has filed an opposition to the request for reconsideration and clarification (Doc. No. 433) and defendants have filed a reply. (Doc. No. 434.) None of the parties have sought a further hearing in connection with the pending request.

Below, the court will address each of defendants' requests for reconsideration and clarification. For the reasons explained, the request will be granted in part and denied in part.

ANALYSIS

**A. Request That The Court Clarify Its Ruling Requiring the Production of Materials Concerning Overt or Covert U.S. Military Operations with Respect to Laos from January 1, 2005, through June 3, 2007.**

The court's discovery order of May 9, 2009, provided as follows:

> [T]he question is whether the United States was "at peace" with Laos at the time the defendants acted.[1] Here, the defendants are charged with conspiring to violate the Neutrality Act "[b]eginning at a date unknown, but no later than in or about November of 2006, and continuing until on or about June 3, 2007[.]" (Indictment at 5.) The prosecution has appropriately suggested that any discovery of documents evidencing overt or covert military planning or operations by the United States Government with respect to Laos should therefore be limited to the few years prior to November 2006. [¶] Accordingly, the court will order the government to produce to the defendants all documents or communications in in its possession or control evidencing any overt or covert military planning or operations with

---

[1] In the broadest sense the inquiry may extend to what the defendants' state of mind was with respect to whether the United States was "at peace" with Laos at the time they acted.

2

>            respect to Laos from January 1, 2005, through June
>            3, 2007.  Within sixty days of the date of this
>            order the prosecution shall notify the court
>            whether any such documents or communications have
>            been discovered through a diligent search by the
>            government and whether security clearances or
>            further orders by the court will be necessary
>            prior to production to the defense. [fn. omitted]
>            [¶] In all other respects, the undersigned finds
>            that the defendants have failed to make the
>            required showing of materiality with respect to
>            their request for communications by the government
>            through any of its departments or agencies with
>            the defendants or any other member of the Hmong
>            population regarding the United States' policy,
>            planning, or conduct toward the government of Laos
>            for the 46-year period between 1961 and 2007.
>            Accordingly, that overly broad discovery request
>            will be denied except to the extent provided
>            above.

(Order at 26-27.)

Defendants now request that the court clarify that its discovery order requires the government to produce all documents or communications in its possession or control evidencing overt or covert military planning or operations with respect to Laos that may have been undertaken prior to January 1, 2005, but were still in effect as of that date, as well as documents generated between January 1, 2005, and June 3, 2007, relating to such operations considered or undertaken prior to January 1, 2005.

The government agrees that the court's discovery order requires that it produce documents reflecting covert or overt military operations with respect to Laos that commenced prior to January 1, 2005, but continued past that date and has agreed to produce such documents in discovery to the extent they exist. (Opp'n. at 1-2.) However, the government objects to defendants' attempt, by way of

3

request for reconsideration, to expand upon their original discovery request so as to include "contingency plans" or operations that were considered by the U.S. government but not implemented. The government's opposition in this regard is well-taken.

In their original discovery motion the defendants sought documents evidencing any overt or covert military planning or operations by the United States with respect to Laos during the 46-year period between 1961 and 2007. The discovery request did not seek documents evidencing "contingency plans" or military operations considered but not acted upon. It is not appropriate to expand the original discovery motion through a request for reconsideration. More importantly, even if the original discovery motion sought such information, the undersigned would deny that aspect of the request. As previously noted, "the question is whether the United States was 'at peace' with Laos at the time the defendants acted." (Order at 25-26.) Whether the United States had considered military operations with respect to Laos but never acted upon any "contingency plan" is not relevant to the question of whether the United States was "at peace" with Laos during the time period the defendants are charged to have acted within.

Accordingly, the defendants are not entitled to discovery of documents evidencing "contingency plans" or military operations considered but not acted upon. Their request for reconsideration or clarification in this regard is denied except to the extent that the government is ordered to produce documents relating to covert or overt
/////

4

1 U.S. military operations with respect to Laos that commenced prior to
2 January 1, 2005, but continued through and/or after that date.

  **B. Request For Reconsideration That An Order Issue Requiring the Government to Produce Any Copies of a "Genocide Order" or Documents Referencing a "Genocide Order."**

In their original discovery motion defendants sought discovery of all documents regarding the persecution and attempted genocide of the Hmong in and around Laos within the possession of the government, its departments and agencies over an extended period of time. Noting that the defendants sought this discovery to support a possible "defense of others" defense, the court denied the request and found that:

> Even assuming that a defense of "defense of others" is available against the pending conspiracy charges, such a defense would focus solely on the belief of the defendants at the time they acted. Given this focus on the defendants' own state of mind when they allegedly acted between November of 2006 and June 3, 2007, the court cannot find that the defendants have made a prima facie showing of materiality with respect to their broad request for 46 years worth of documents in the possession of the government (and its departments and agencies) reflecting the persecution and attempted genocide of the Hmong in around Laos. This is particularly true given the undue burden that would be imposed on the government were such broad discovery to be granted. For, if the defense of others defense is available to them, what is relevant is the defendants' own state of mind at the time they acted, not what is later discovered to exist in government files. Accordingly, this discovery request will be denied.

(Order at 27-28.)

/////

In their request for reconsideration, the defendants now seek to limit this discovery request to some degree. In this regard, they argue that the government should be required to produce copies of documents, referred to by some of the defendants in their conversations with the ATF undercover officer as the "genocide order." Defendants contend that this set of documents concern a military strategy purportedly fashioned by the Government of Laos to exterminate the Hmong population hiding in the jungles of that country. They assert that this "genocide order" and any documents regarding that order in the government's possession are directly material to a "defense of others" defense in that their existence would establish the reasonableness of their belief about the impending genocide, as well as to support their contention that they did not conspire to murder or maim but only to defend the Hmong people.

The government opposes this aspect of the request, first arguing that it is not a proper request for reconsideration. The government also contends that defendants have not established the materiality of the documents sought since the defenses they seek to invoke focus on their own state of mind at the time of their actions. If the defendants never saw any such government documents, the government argues, they cannot be relevant to their state of mind. Finally, the government repeats its argument that the defendants have no plausible basis upon which to assert a defense based on "the defense of others" given their months of planning which negates an actual fear of imminent harm.

/////

1  The court again finds, as it did in its original order, that
the defendants have failed to establish the materiality of the
documents sought in their now modified request. Even assuming that
the defense of "defense of others" is available to them in this
action, what is relevant is the defendants' own state of mind at the
time they acted, not what is later discovered to exist in government
files. Moreover, the discovery materials attached to defense
counsel's declaration in support of this request make clear that it
was defendants Harrison Jack and Lo Cha Thao who made reference to
"genocide documents" coming out of Laos, not the ATF undercover agent.
Indeed, in one such conversation defendant Jack suggests that he
received such documents on February 5, 2007. Accordingly, this
discovery request, as modified, will be denied.

**C. Request That The Court Confirm That the Government Must Produce Documents Regarding the Maps Given to the ATF Undercover Agent By Any Defendant Including Government Communications Related Thereto.**

In their original discovery motion the defendants sought
production of all documents given to the ATF undercover agent by any
defendant. Over the government's objection, the court granted that
request, stating

> The court believes that the government misread
> this discovery request. It seeks only all
> documents given to the undercover ATF agent <u>by any
> defendant</u>. Such documents are obviously material
> to the preparation of the defense and must be
> produced pursuant to Rule 16(a)(1)(E).
> Accordingly, this discovery request is granted and
> the government shall provide this discovery to the
> defendants forthwith.

(Order at 34)(emphasis in original).

Defendants now purport to seek "confirmation" that pursuant to the court's order the government must produce in discovery all documents reflecting communications between the ATF undercover agent and any other government entities, including the CIA, about the documents provided by the defendants to the undercover agent. Defendants argue that such internal government communication are discoverable under both Rule 16 and <u>Brady</u>. They argue that the documents sought "will likely show" that the government believed the plan had no basis in reality but that the undercover agent continued to provoke the defendants into action and that, at most, the defendants merely wanted to provide materials to the Hmong people, not overthrow the government of Laos. Finally, defendants argue that it is the government's burden to establish that the documents requested are subject to work product protection under Rule 16(a)(2).

The government opposes this aspect of the request arguing that it is not a proper request for reconsideration, seeks documents that are specifically identified in Rule 16(a)(2) as not being the subject of discovery in this criminal prosecution and is unsupported by any showing of materiality. Each of the government's arguments are well-taken.

Rather than seeking "confirmation" of the court's prior order, the defendants' request for reconsideration in this regard clearly seeks to expand the earlier discover order in a manner specifically rejected by the undersigned in that order. The defendants originally sought discovery of all documents sent to or received by any agency concerning any of the document given to the ATF

undercover agent by any defendant. That confusing request was denied, with the undersigned concluding that on its face, the request called for the production of documents that were not subject to discovery and that, in addition, the defendants had also made no showing of materiality. (Order at 34.) Before the court there is still no showing of materiality under Rule 16 by the defense with respect to these internal government communications. Moreover, the request on its face still calls for the production of government investigative documents that are not subject to discovery. See United States v. Armstrong, 517 U.S. 456, 462-63 (1996) (observing that Rule 16(a)(2) "exempts from defense inspection 'reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case.'"); United States v. W.R. Grace, 526 F.3d 499, 510 (9th Cir. 2008) (noting that Fed. R. Crim. P. 16(a)(2) & (b)(2) exempt government investigative or prosecuting documents from disclosure); United States v. Fort, 472 F.3d 1106, 1115 (9th Cir. 2007)(concluding that "Rule 16(a)(2)'s protection of investigative materials extends beyond the work product privilege as defined in the civil context"). Accordingly, defendants' request will be denied in this respect.

**D. Request That the Court Order the Government to Produce Documents Concerning the Weapons Shown to Some Defendants By the Undercover ATF Agent.**

Next, defendants seek an order requiring the government to produce documents concerning the weapons shown to some of the defendants by the undercover ATF agent. They concede that this issue

9

was not addressed in the original discovery order but contend that it was before the court through the incorporation of many informal discovery requests within the motion and was simply overlooked by the court. In any event, defendants argue that under Rule 16 and <u>Brady</u> they are entitled to the weapons list, communications regarding how the weapons list was prepared and documents establishing when and how the undercover agent acquired the weapons because such discovery will support their entrapment defense.

The government opposes the request on the grounds that it was not part of the original discovery motion and is therefore not the proper subject of a request to reconsider. The government also contends that the weapons list itself has already been produced to the defense in discovery. Finally, the government argues that the defense has not made a showing of materiality with respect to documents reflecting how the weapons list was prepared or how the weapons were acquired by the undercover agent.

Any documents listing, identifying and describing the weapons shown by the undercover ATF agent to some of the defendants are material to the defense and must be produced.[2] However, no showing of materiality has been made with respect to documents reflecting how the weapons list was prepared or how the weapons were acquired by the undercover agent and therefore the defendants' motion for discovery in that regard will be denied.

---

[2] As noted, the government represents that it has produced the weapons list in discovery. However, if additional documents in the government's possession identify and describe those weapons, as opposed to merely listing them, such documents are discoverable and must be produced.

10

**E. Request That the Court Order the Government to Produce Communications With the CIA and Other Agencies Regarding This Case.**

Finally, the defendants seek an order requiring the production of all communications between the CIA and other government agencies regarding this case. They contend that such communications are material to their entrapment defense, will possibly provide impeachment material, is within the scope of Brady, and the government has not established applicability of any work product protection. Defendants contend that at the very least the government should be required to produce a privilege log with respect to the requested documents.

The government opposes the request as not properly being the subject of a request to reconsider. The government also asserts that the request calls for the production of documents falling squarely within the protection of Rule 16(a)(2). The government also contends that the defendants have failed to show how the requested documents are material under Rule 16 and that their request calls for the production of classified information that could harm national defense, intelligence gathering and diplomatic relations. Finally, the government argues that defendants' alternative demand for a privilege log is not only a new discovery request but also finds no support in the law and would be unduly burdensome.

The undersigned again concludes that the internal communications between government agencies regarding this investigation and subsequent prosecution are not subject to discovery. See Fed. R. Crim. P. 16(a)(2); Armstrong, 517 U.S. at 462-63 (the rule

"exempts from defense inspection 'reports, memoranda, <u>or other internal government documents made by</u> the attorney for the government or <u>other government agents in connection with the investigation or prosecution of the case</u>.'")(emphasis added); <u>W.R. Grace</u>, 526 F.3d at 510; <u>Fort</u>, 472 F.3d at 1115. Accordingly, the defendants' request will be denied as to this request.

CONCLUSION

For the reasons set forth above, defendants' request for reconsideration (Doc. No. 430) with respect to requests A and D is granted in part and denied in part as indicated in the body of this decision. Defendants' request for reconsideration with respect to requests B, C and E is denied.

IT IS SO ORDERED.

DATED: December 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

jack0266.Rule16.reconsider